UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA GRACE FAY AND,
CAROLINA CHICAS,

    Plaintiff,

v.                                    State Court Case No.: 2020 31465 CICI

CHARTER COMMUNICATIONS, INC.,
a Foreign for-Profit Corporation,

    Defendants.

## NOTICE OF REMOVAL

Defendant, CHARTER COMMUNICATIONS, INC., ("CHARTER"), by and through its attorneys of record, hereby files this Notice of Removal in the above-captioned matter, currently pending in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida. This removal is made pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Removal is proper because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and fees.

### BACKGROUND

1.    On or around November 10, 2020, Patricia Grace Fay and Carolina Chicas filed the removed case, Patricia Grace Fay, et al v. Charter Communications, Inc., No. 2020 31465 CICI, in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida. Plaintiff served the complaint on CHARTER on December 16, 2020.

{SECURE Firm/11090/00021/PLEADING/02884407.DOCX }

2. Plaintiffs seeks judgment for damages resulting from a motor vehicle accident that occurred on December 18, 2017. Plaintiffs allege they suffered physical pain and suffering in the past and indefinitely into the future; medical and hospital bills and treatment in the past and into the indefinite future; loss of capacity for the enjoyment of life in the past and indefinitely into the future.

3. In accordance with Local Rule 4.02(b) and pursuant to 28 U.S.C. § 14469(a), true and legible copies of all papers on file with the state court are attached hereto as composite Exhibit "1." The Plaintiff's Complaint along with service documents; CHARTER'S Answer and Affirmative Defenses to Plaintiff's Complaint.

4. Pursuant to 28 U.S.C § 1446(d), CHARTER is serving written notice of the removal of this case on Plaintiffs' Counsel, and a copy will be promptly filed with the Clerk of the Seventh Judicial Circuit in Volusia County, Florida.

5. Nothing in this Notice shall constitute a waiver of CHARTER'S right to assert any defense, including a motion to dismiss, as the case progresses.

## VENUE

6. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the state court case was pending.

## REMOVAL IS TIMELY

7. The removal is timely under 28 U.S.C. § 1446(b). Plaintiffs filed their Complaint on November 10, 2020. Plaintiffs served the Complaint on CHARTER on December 16, 2020. See Ex 1. Defendants filed this Notice of Removal within thirty (30)

days of service, as required by law. *See, e.g., Murphy Bros, Inc. v. Michetti Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Accordingly, removal is timely as it falls within this thirty-day period.

## BASIS FOR REMOVAL JURISDICTION

8. First, the parties are minimally diverse, i.e., there is diversity between the Plaintiff and at least one Defendant.

9. The Plaintiffs are Florida Residents and thus the Plaintiffs are citizens of Florida. *See Dist. Of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) (while residence is not the equivalent of citizenship, residence is properly taken as domicile "until facts are adduced to the contrary"); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir 1994) (residence prima facie evidence of domicile for purposes of determining citizenship).

10. A corporation is a citizen of the state in which it has been incorporated and where it has its principle place of business. 28 U.S.C. § 1332(c)(1). CHARTER is corporation incorporated in Delaware organized under the laws of Delaware with a principal place of business and Principle Executive Offices in Connecticut.

11. Because plaintiffs are citizens of Florida, and CHARTER is not a citizen of Florida, the parties are minimally diverse.

12. Second, the amount in controversy exceeds $75,000. The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. 1332(a). "A defendant's

notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions". *See Dart Cherokee Basin Operating Co., LLC v. Owens Eyeglasses* 574 U.S. 81 (2014). When a defendant's assertion of the amount in controversy is challenged, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount- in-controversy requirement has been satisfied" *Id*.

13.  As to the particular amount in controversy, both plaintiffs allege this action exceeds the sum of thirty thousand dollars ($30,000) and entered the amount of $30,001 in the civil cover sheet for the "estimated amount of the claim" to satisfy jurisdictional purposes per the Florida Supreme Court. However, plaintiff alleges through demand letters that his damages are in excess of $3,000,000 and provided defense counsel with medical records showing that plaintiff underwent treatments that exceed $350,000 in cost. Plaintiff also alleges that damages are either "permanent" or "continuing" and will suffer "future losses" that may require up to $75,000 annually be paid to Plaintiff.

14.  Therefore, based on the allegations made in the Complaint and the discovery provided by Plaintiff, the amount in controversy clearly exceeds the jurisdictional minimum.

## CONCLUSION

15.  Pursuant to 28 U.S.C. § § 1332, 1441, 1446, and 1453, CHARTER hereby removes the above-captioned matter from the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division.

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record: **Steven T. Vasilaros, Esquire,** Vasilaros Wagner, 721 Beville Road South Daytona, FL 32119, pleadings@accidentfirm.com; litigation@accidentfirm.com this 15th day of January, 2021.

> **CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET LLP**
>
> */s/ Daniel S. Liebowitz*
> **DANIEL S. LIEBOWITZ, ESQUIRE**
> Florida Bar No.: 155918
> 121 S. Orange Avenue, Suite 1500
> Orlando, Florida 32801
> Telephone: (407) 730-3535
> Facsimile:  (407)730-3540
> Email: FLCourtFilings@cmlawfirm.com
> ***Attorneys for Defendant, Charter Communications, Inc.***