**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PATRICIA GRACE FAY
AND CAROLINA CHICAS,

      Plaintiffs,              Case No. 6:21-CV-00114-ACC-GJK

v.

CHARTER COMMUNICATIONS, LLC,
A FOREIGN LIMITED LIABILITY COMPANY,
AND SPECTRUM SUNSHINE STATE, LLC,
A FOREIGN LIMITED LIABILITY COMPANY,

      Defendants.

_____

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, PATRICIA GRACE FAY (hereinafter referred to as "FAY") and Plaintiff, CAROLINA CHICAS (hereinafter referred to as "CHICAS"), by and through undersigned counsel, and hereby sue Defendant, CHARTER COMMUNICATIONS, LLC (hereinafter referred to as "CHARTER") and Defendant, SPECTRUM SUNSHINE STATE, LLC (hereinafter referred to as "SPECTRUM") for damages for negligence, and in further support thereof would show until this Honorable Court as follows:

**THE PARTIES**

1.    At all times material hereto, Plaintiff, FAY, was sui juris and a resident of the State of Florida.

2. At all times material hereto, Plaintiff, CHICAS, was sui juris and a resident of the State of Florida.

3. At all times material hereto, Defendant, CHARTER, was a limited liability company formed in the State of Delaware, with its principal place of business in Delaware.

4. At all times material hereto, Defendant, SPECTRUM, was a limited liability company formed in the State of Delaware, with its principal place of business in Delaware.

## JURISDICTION AND VENUE

5. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Plaintiffs are residents of the State of Florida. Defendants are Delaware Corporations with their principal places of business in Delaware. Therefore, complete diversity of citizenship exists. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

6. Venue is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the state court case was pending.

## GENERAL FACTS COMMON TO ALL COUNTS

7. Defendant, SPECTRUM, was formerly known as Bright House Networks, LLC.

8. Defendant, SPECTRUM, acquired ownership of the subject vehicle operated by Robert Asselin, in a corporate acquisition of Bright House Networks, LLC.

9. At all times material hereto, Defendant, CHARTER employee, Robert Asselin, was operating the subject vehicle in his capacity as an employee of Defendant, CHARTER.

10. At all times material hereto, the vehicle Robert Asselin was operating was owned by Defendant, SPECTRUM. (see attached vehicle title as Exhibit "__A__" to Plaintiff's Amended Complaint)

11. On December 18, 2017 at approximately 12:27 pm, Defendant, CHARTER's employee, Robert Asselin, maintained, controlled, and otherwise operated Defendant, SPECTRUM's pick-up truck which was traveling southbound in the center lane of Nova Road, near the intersection of Forest Court in Ormond Beach, Volusia County, Florida.

12. On or about December 18, 2017, Plaintiff, FAY, operated a motor vehicle traveling northbound in the left lane of Nova Road near the intersection of Forest Road, in Ormond Beach, Volusia County, Florida.

13. On or about December 18, 2017, Plaintiff, CHICAS, was a properly restrained passenger in the vehicle operated by Plaintiff, FAY.

14. On or about December 18, 2017, Defendant CHARTER's employee, Robert Asselin lost control of Defendant, SPECTRUM's truck, struck the right-side curb, proceeded across all southbound lanes of traffic and center lanes, and drove into oncoming traffic in the northbound lanes of Nova Road.

15. Plaintiff, FAY, after noticing Defendant, SPECTRUM's vehicle operated by Defendant, CHARTER's employee, Robert Asselin, coming toward her vehicle, brought her vehicle to a complete stop in an attempt to avoid a collision.

16. Defendant, CHARTER's employee, Robert Asselin continued on his path and caused a head on collision with Plaintiff, FAY's vehicle.

17. At the time and place more specifically described above, Defendant, CHARTER's employee, Robert Asselin, negligently operated Defendant, SPECTRUM's vehicle in such a way that he caused injuries to Plaintiff, FAY and Plaintiff, CHICAS, as elaborated upon further below.

## COUNT I – NEGLIGENCE - VICARIOUS LIABILITY OF CHARTER FOR FAY'S INJURIES

This is an action for damages for negligence brought by Plaintiff, FAY, against Defendant, CHARTER, pled in the alternative to any conflicting or duplicative relief sought elsewhere, and in support thereof the Plaintiff whereby realleges and reincorporate Paragraphs 1 through 17 above as if fully set forth herein, and further alleges as follows:

18. On or about December 18, 2017, Defendant, CHARTER's employee, Robert Asselin, acting within the scope of his employment with Charter Communications, LLC, owed a duty to use reasonable care in the operation of the motor vehicle and breached that duty by negligently coming into contact with the motor vehicle owned and operated by Plaintiff, FAY.

19. That as a direct and proximate result of the negligence of Defendant, CHARTER's employee, Robert Asselin, Plaintiff, FAY, has suffered physical pain and suffering in the past and indefinitely into the future, has lost the capacity for the enjoyment of life in the past and indefinitely into the future, has incurred medical and hospital bills for her care and treatment in the past and into the indefinite future, all in an amount exceeding seventy-five thousand dollars ($75,000.00). The losses are either permanent or continuing and the Plaintiff will continue to suffer the losses into the indefinite future.

WHEREFORE, Plaintiff, FAY, by and through undersigned counsel, respectfully prays unto this Honorable Court for damages for negligence against Defendant, CHARTER, together with any further such relief as this Honorable Court may deem just and proper under the circumstances.

### COUNT II – NEGLIGENCE – VICARIOUS LIABILITY OF SPECTRUM FOR FAY'S INJURIES

This is an action for damages for negligence brought by Plaintiff, FAY, against Defendant, SPECTRUM, pled in the alternative to any conflicting or

duplicative relief sought elsewhere, and in support thereof the Plaintiff whereby realleges and reincorporate Paragraphs 1 through 17 above as if fully set forth herein, and further alleges as follows:

20. On or about December 18, 2017, Defendant, SPECTRUM, was the owner of a 2016 Ford Truck which was permissibly used by Robert Asselin in furtherance of his employment with Defendant, CHARTER.

21. On or about December 18, 2017, Robert Asselin, operating SPECTRUM's vehicle, had a duty to use reasonable care in the operation of said vehicle and breached that duty by negligently coming into contact with the vehicle operated by Plaintiff, FAY.

22. At the above-mentioned time and place, Defendant, SPECTRUM, had a duty of care to the Plaintiff, FAY, to use reasonable caution and care in properly maintaining, operating, and/or entrusting the vehicle in question.

23. Defendant, SPECTRUM, is vicariously liable for the actions of Robert Asselin, under the dangerous instrumentality doctrine, as the vehicle he operated was voluntarily entrusted to him and negligently operated.

24. At the above-mentioned time and place, Defendant, SPECTRUM, did breach their duty of care by negligently and/or carelessly maintaining, operating, controlling or entrusting the motor vehicle in question to Robert Asselin.

25. That as a direct and proximate result of the negligence of Defendant, SPECTRUM, Plaintiff, FAY, has suffered physical pain and suffering in the past and indefinitely into the future, has lost the capacity for the enjoyment of life in the past and indefinitely into the future, has incurred medical and hospital bills for her care and treatment in the past and into the indefinite future, all in an amount exceeding seventy-five thousand dollars ($75,000.00). The losses are either permanent or continuing and the Plaintiff will continue to suffer the losses into the indefinite future.

WHEREFORE, Plaintiff, FAY, by and through undersigned counsel, respectfully prays unto this Honorable Court for damages for negligence against Defendant, SPECTRUM, together with any further such relief as this Honorable Court may deem just and proper under the circumstances.

## **COUNT III NEGLIGENCE – VICARIOUS LIABILITY OF CHARTER FOR CHICAS' INJURIES**

This is an action for damages for negligence brought by Plaintiff, CHICAS, against Defendant, CHARTER, pled in the alternative to any conflicting or duplicative relief sought elsewhere, and in support thereof the Plaintiff whereby realleges and reincorporate Paragraphs 1 through 17 above as if fully set forth herein, and further alleges as follows:

26. On or about December 18, 2017, Defendant, CHARTER's employee, Robert Asselin, acting within the scope of his employment, owed a duty to use

reasonable care in the operation of the motor vehicle and breached that duty by negligently coming into contact with the motor vehicle in which Plaintiff, CHICAS, was a passenger.

27. That as a direct and proximate result of the negligence of Defendant, CHARTER's employee, Robert Asselin, Plaintiff, CHICAS, has suffered physical pain and suffering in the past and indefinitely into the future, has lost the capacity for the enjoyment of life in the past and indefinitely into the future, has incurred medical and hospital bills for her care and treatment in the past and into the indefinite future, all in an amount exceeding seventy-five thousand dollars ($75,000.00). The losses are either permanent or continuing and the Plaintiff will continue to suffer the losses into the indefinite future.

WHEREFORE, Plaintiff, CHICAS, by and through undersigned counsel, respectfully prays unto this Honorable Court for damages for negligence against Defendant, CHARTER COMMUNICATIONS, LLC together with any further such relief as this Honorable Court may deem just and proper under the circumstances.

### COUNT IV – NEGLIGENCE – VICARIOUS LIABLITY OF SPECTRUM FOR CHICAS' INJURIES

This is an action for damages for negligence brought by Plaintiff, CHICAS, against Defendant, SPECTRUM, pled in the alternative to any conflicting or duplicative relief sought elsewhere, and in support thereof the Plaintiff whereby

realleges and reincorporate Paragraphs 1 through 17 above as if fully set forth herein, and further alleges as follows:

28. On or about December 18, 2017, Defendant, SPECTRUM, was the owner of a 2016 Ford Truck which was permissibly used by Robert Asselin in furtherance of his employment with Defendant, CHARTER.

29. On or about December 18, 2017, Robert Asselin, operating SPECTRUM's vehicle, had a duty to use reasonable care in the operation of said vehicle and breached that duty by negligently coming into contact with the vehicle in which Plaintiff, CHICAS, was a passenger.

30. At the above-mentioned time and place, Defendant, SPECTRUM, had a duty of care to the Plaintiff, CHICAS, to use reasonable caution and care in properly maintaining, operating, and/or entrusting the vehicle in question.

31. Defendant, SPECTRUM, is vicariously liable for the actions of Robert Asselin, under the dangerous instrumentality doctrine, as the vehicle he operated was voluntarily entrusted to him and negligently operated.

32. At the above-mentioned time and place, Defendant, SPECTRUM breached their duty of care by negligently and/or carelessly maintaining, operating, controlling or entrusting the motor vehicle in question to Robert Asselin.

33. That as a direct and proximate result of the negligence of Defendant, SPECTRUM, Plaintiff, CHICAS, has suffered physical pain and suffering in the past

and indefinitely into the future, has lost the capacity for the enjoyment of life in the past and indefinitely into the future, has incurred medical and hospital bills for her care and treatment in the past and into the indefinite future, all in an amount exceeding seventy-five thousand dollars ($75,000.00). The losses are either permanent or continuing and the Plaintiff will continue to suffer the losses into the indefinite future.

WHEREFORE, Plaintiff, CHICAS, by and through undersigned counsel, respectfully prays unto this Honorable Court for damages for negligence against Defendant, SPECTRUM, together with any further such relief as this Honorable Court may deem just and proper under the circumstances.

*(CONT. ON NEXT PAGE)*

## DEMAND FOR JURY TRIAL

34. The Plaintiffs hereby demand a jury trial for all claims so triable as of right.

DATED this 19 of March, 2021.

VASILAROS WAGNER

_____
FOR THE FIRM
STEVEN T. VASILAROS, ESQUIRE
Florida Bar Number: 0456713
JOSHUA J. WAGNER, ESQUIRE
Florida Bar Number: 12209
MATT MCGOVERN, ESQUIRE
Florida Bar Number: 41587
VASILAROS WAGNER
721 Beville Road
South Daytona, Florida 32119
Phone: (386) 777-7777
Facsimile: (386) 401-5450
Service Email: pleadings@accidentfirm.com
*Attorneys for Plaintiff.*